USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/10/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINE FLOWERS,

                              Plaintiff,

             -against-

DONALD SEHL; FRED DORCH; ALBERT
GONZALEZ; MICHAEL BEST; JOHN DOE 1-
2; NEW YORK POLICE DEPARTMENT; CITY
OF NEW YORK,

                              Defendants.

22 Civ. 2766 (AT)

ORDER OF SERVICE

ANALISA TORRES, United States District Judge:

Plaintiff, who is currently incarcerated at Attica Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that four detectives from the New York City Police Department (NYPD) sexually assaulted him and denied him medical treatment for his injuries. By order dated May 9, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]  For the following reasons, the Court dismisses Plaintiff's claims against the NYPD, declines to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), to identify the John Does, and directs service on the named defendants.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on

any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    Claims against the New York City Police Department (NYPD)

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of

New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and

proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the city of New York and not in that of any agency, except where otherwise provided by

law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City

of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited

from suing a municipal agency.").

### B.    John Doe Defendants

Plaintiff names two John Does as defendants in the caption of the complaint.  Because

Plaintiff alleges no facts showing how these Doe defendants were directly involved in violating

his rights, and provides no information would that allow any City agency to identify these

defendants, the Court declines to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d

Cir. 1997), for these defendants at this time.

### C.    Service on the City of New York and NYPD Detectives

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.  If the complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants City of New York; Detective Donald Sehl, #951232; Detective Fred Dorch, #938388; Detective Albert Gonzalez, #941828; and Detective Michael Best, #948866, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Police.

The Clerk of Court is instructed to issue summonses for Defendants City of New York, Sehl, Dorch, Gonzalez, and Best, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   May 10, 2022
         New York, New York

_____
ANALISA TORRES
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      City of New York
        100 Church Street
        New York, N.Y. 10007

2.      Detective Donald Sehl
        Shield #951232
        New York City Police Department
        One Police Plaza
        New York, NY 10038

3.      Detective Fred Dorch
        Shield #038388
        New York City Police Department
        One Police Plaza
        New York, NY 10038

4.      Detective Albert Gonzalez
        Shield #941828
        New York City Police Department
        One Police Plaza
        New York, NY 10038

5.      Detective Michael Best
        Shield #948866
        New York City Police Department
        One Police Plaza
        New York, NY 10038