UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ANTOINE FLOWERS,

                                Plaintiff,

          -against-

DETECTIVE DONALD SEHL, ET AL.,

                               Defendants.

------------------------------------------------------------------- x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

22 Civ. 2766 (AT) (JLC)

       **WHEREAS**, pursuant to Rule 26 of the Federal Rules of Civil Procedure, plaintiff Antoine Flowers and defendants Detective Donald Sehl, Detective Fred Dorch, Detective Michael Best, Lieutenant Alberto Gonzalez, and the City of New York must disclose certain documents and information in this litigation;

       **WHEREAS**, pursuant to Rules 33 and 34, the parties may seek certain documents and information from each other pursuant to discovery demands in this action;

       **WHEREAS**, the Plaintiff deems and/or may deem some of these documents and/or this information to be private and confidential, including personal medical records and sealed proceedings, the disclosure of which on the public record could cause annoyance, embarrassment, and oppression;

       **WHEREAS**, the Defendants deem and/or may deem some of these documents and/or this information to be confidential, private and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

       **WHEREAS**, the parties object to the production of those documents and/or this information unless appropriate protection for their confidentiality is assured; and

**WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties as follows:

1. This Action shall mean <u>Flowers v. Sehl, et al</u>., 22 Civ. 2766 (AT) (JLC).

2. As used herein, "Confidential Materials" shall mean (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies, (b) Plaintiff's medical records, (c) a list from the New York City Police Department that identifies Plaintiff's prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests, and (d) other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be deemed "Confidential Materials" to the extent they are obtained by the parties pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

3. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein for that document or information.

4. A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation, or settlement of claims or defenses in the Action.

5. A Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

    b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

    c. Defendants' attorneys may also disclose the Confidential Materials to the New York City Police Department, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

    d. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order, and such person shall consent, in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

    e. Disclosure of medical records deemed "Confidential" under this Stipulation of Confidentiality and Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

6. The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the

deposition that a question relates to Confidential Materials, in which event the report will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Stipulation of Confidentiality and Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

7. If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within thirty (30) days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the Court's rules applicable to filing under seal.

9. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to

limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

10. A Producing Party's inadvertent disclosure in connection with this action of one or more documents that such Producing Party believes constitute, contain, or reflect information otherwise protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery ("Privileged Material"), shall not constitute a waiver with respect to such Privileged Material or generally of such privilege or immunity or the subject matter thereof.  In the event of alleged inadvertent disclosure of alleged Privileged Material, the Producing Party may provide notice to the other Parties advising of the disclosure and requesting return or destruction of the alleged Privileged Material.  Upon such notice, the Receiving Party shall make no further use of the alleged Privileged Material and shall immediately destroy or segregate them in a manner that will prevent further disclosure or dissemination of their contents, shall take reasonable steps to retrieve the alleged Privileged Material if a Receiving Party disclosed it before being notified, and may promptly present the alleged Privileged Material to the Court under seal for determination of the privilege claim.  Nothing in this provision is intended to modify the Parties' rights and obligations under Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

11. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed.  All documents or information that have been deemed confidential pursuant to this Stipulation of Confidentiality and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time.  Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-

conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

12. The Court will retain jurisdiction over all persons subject to this Stipulation of Confidentiality and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation of Confidentiality and Protective Order at any time.

Dated: New York, New York
       August 25, 2023

| | |
|---|---|
| **SHEARMAN & STERLING LLP**<br>*Counsel for Antoine Flowers*<br><br>Benjamin Klebanoff<br>Sheyla Soriano<br>599 Lexington Ave.<br>New York, NY 10022<br>T: 212.848.4000<br><br>By:  */s/ Benjamin Klebanoff*<br>       Benjamin Klebanoff | **HON. SYLVIA O. HINDS-RADIX**<br>Corporation Counsel of the<br>City of New York<br>*Attorney for the Defendants*<br>100 Church Street, 4th Floor<br>New York, New York 10007<br>T: (212) 356-2012<br><br>By:  */s/ Luca Difronzo*<br>       Luca Difronzo<br>          *Assistant Corporation Counsel* |

**SO ORDERED.**

Dated: August 25, 2023
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

**Exhibit A**

**Undertaking**

This Undertaking relates to *Flowers v. Sehl*, No. 22-cv-2766, a litigation pending in the United States District Court for the Southern District of New York (the "Action" in the "Court"). I have received and reviewed a copy of the Protective Order entered by the Court in the Action. I understand that, in the course of the Action, certain discovery materials may be disclosed to me that have been designated as Confidential Information.

I understand the Protective Order and will comply with it. To the extent I am provided with any Protected Material, I will use it only as allowed by the Protective Order.

At the conclusion of my involvement in this litigation, I will return all Protected Material that has come into my possession, or I will certify via email to counsel that I have securely destroyed the same.

I agree to be subject to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

Signed:

_____